**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| AYO HALL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>EDWIN BUSS, )<br>)<br>Respondent. ) | CAUSE NO.: 3:07-CV-241 TS |

**OPINION AND ORDER**

Ayo Hall, a *pro se* prisoner, filed this habeas corpus petition challenging the 180-day loss of good time credit sanction imposed by the Indiana State Prison Disciplinary Hearing Board (DHB) after it found him guilty of theft. The Petitioner alleges that he was denied due process when he was not allowed to view ay of the evidence against him.

**A.     Background**

On July 31, 2006, R. Carrasco wrote the following conduct report charging the Petitioner with a violation of B 215, theft.

> On 06/21/06 at approx. 9:27 am Offender Hall is seen coming out of a cell on 200 range south in ACH. Hall has in his hands a full mesh bag of items that do not belong to him. This was seen via camera system.

(DE 1-2, page 1). In addition, R. Carrasco also wrote a report of investigation of the incident:

> On 06/21/06 Internal Affairs received information that Hall #975367 had stolen some tobacco from an offender in D West. On 6/22/06 Hall was seen passing what looked like a key to another offender. Offender Huspon # 870574 was shaken down and an altered key was found that opens Master Combination locks. Hall admitted that he gave the key to Huspon.
>
> On 06/22/06 Officer Draper viewed the recording of 200 south in ACH for 06/21/06 between the times of 9:00-10:00 am. Officer Draper sees Offenders

> Boone #985523 and Hall #975367 come on the 200 range south with an empty mesh bag. The camera is blocked and when it is unblocked the mesh bag is full.
>
> On 07/31/06 the video is reviewed for 200 south in ACH on 06/21/06. Mr. R. Carrasco notices offender Boone #975367 carrying an empty mesh bag around the back of his neck at 9:23 am. The camera is blocked until 9:27 am and at this time it is seen that Hall #975367 and Boone #985523 coming out of a cell on 200 south ACH with a full mesh bag. During the interview Hall had no comment on cell break-ins in ACH.
>
> For more information see Case Report 06-ISP-191-IA

(DE 1-2, page 2). The DHB also completed a Video Review Form stating its determination that allowing the Petitioner to view the video evidence would jeopardize the security of the facility. The form provided that the video had, instead, been reviewed outside the presence of the Petitioner and provided a summary: "The video shows offender Hall walking down 200 range entering into the cell & then comes out of the cell." (DE 1-2, page 7).

On August 8, 2006, the DHB found the Petitioner guilty of theft. The DHB relied on the staff reports, statement of the offender, and physical evidence (video tape and internal affairs case file) in finding the Petitioner guilty. (DE 1-2, page 3). The DHB stated "the conduct report is clear & concise. Based on IA case file #06-ISP-191-IA & video review we find the offender guilty. The items taken were not found." (DE 1-2, page 3).

**B.    Petition**

The Petitioner argues that the DHB did not allow him to see the evidence against him in violation of his due process rights. Specifically, he alleges that he was never allowed to see the notes or reports from the internal affairs file. He also asserts that he requested, but was not allowed to view, the videotape. He contends that the DHB stated that there was no need for him

to view the evidence because it had already done so. The Petitioner claims that the video was not confidential, as claimed by the DHB, because it showed only an empty range that inmates have access to at all times. He alleges that he did not commit the theft and requests that the court order prison officials to produce the tape so that the court can determine if it is credible.

**C.    Discussion**

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set forth the due process requirements for prison disciplinary proceedings. Before a prisoner can be sanctioned, the prison officials must offer these protections: advance written notice of violation, a written statement of fact-finding, and the right to present witnesses and present evidence where it would not be unduly hazardous to institutional safety. *Wolff*, 418 U.S. at 563–67.

Although *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that the Petitioner be permitted to submit relevant exculpatory evidence, it does not entitle him to see or review any of the evidence himself.

> *Baxter v. Palmigiano*, 425 U.S. 308, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). The Petitioner does not argue that the DHB prevented him from producing his own evidence. Nor does the Petitioner assert that the DHB did not review the internal affairs file or the videotape before making its decision as did the petitioner in *Piggie v. McBride*, 277 F.3d 922 (7th Cir. 2002). Indeed, the documents the Petitioner provides establish that the DHB did in fact review the internal affairs file and the videotape. The DHB then provided a written statement to the Petitioner of what the video

3

revealed. The Petitioner's allegation that he was not allowed to view the evidence against him and was, therefore, not able to rebut it, does not state a violation of his due process rights. Because *Wolff* does not require that he be allowed to view the evidence against him, even if he believes it is exculpatory, this argument is not a basis for granting habeas relief.

The Petitioner also asserts that the information contained in the internal affairs file was fabricated because he is innocent of the offense. The Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, [the court] will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) (holding that because due process procedures were satisfied and the board had some evidence for its decision, the petitioner had no viable constitutional claim) (citing *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987); *Hanrahan v. Lane*, 747 F.2d 1137, 1139-41 (7th Cir. 1984) (finding that "an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided")).

Here, the Petitioner has not established that the procedural protections were violated when he was not allowed to review the evidence against him and, in addition, the DHB finding of guilty was supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without

>support or otherwise arbitrary. Although some evidence is not much, it still must
>point to the accused's guilt. It is not our province to assess the comparative
>weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The DHB reviewed the conduct reports, the internal affairs file, and the videotape. The video revealed the Petitioner walking down the 200 range and entering and exiting a cell. The conduct report indicates that the Petitioner had a mesh bag with him that was empty when he entered the range and full when he left the range. This is some evidence to support the DHB's guilty finding. Although the Petitioner argues that the reports contain inaccurate statements, it is not the court's function to judge the credibility of all of the evidence before the DHB. Therefore, because there is some reliable evidence to support the DHB's determination, there was no due process error.

It plainly appears from the Petition and the attached document that the Petitioner's claims do not entitle him to habeas relief. The DHB did not deny the Petitioner due process when it refused to allow him to review the internal affairs file and the tape. Additionally, any allegation that evidence was fabricated would fail to state a claim because the DHB provided the appropriate procedural protections and had some evidence that he committed theft. Therefore, the Court must dismiss the petition. *See* Section 2254 Habeas Corpus Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

For the foregoing reasons, the habeas corpus petition is **DISMISSED** pursuant to Rule 4.

SO ORDERED on June 5, 2007.

                                                s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT
                                               FORT WAYNE DIVISION